IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Nos.:    3:09cr89/LAC
                                                                     3:12cv390/LAC/EMT
PRESTON LOUIS STEVENSON

**REPORT AND RECOMMENDATION**

Defendant has filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, including an "affidavit of truth" and a memorandum in support (doc. 84). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Therefore, after a review of Defendant's submissions and the record, it is the opinion of the undersigned that Defendant's motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant was convicted after a jury trial of conspiracy to distribute marijuana and sentenced to a term of 210-months imprisonment (doc. 67). He appealed (doc. 69), but the appeal was voluntarily dismissed on February 4, 2011 (*see* doc. 77). The instant § 2255 motion was filed pursuant to the prison mailbox rule[1] on August 7, 2012 (doc. 84 at 7). In the instant motion Defendant

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d

raises four grounds for relief.  He contends that counsel was constitutionally ineffective with respect to his advice regarding a plea, that his conviction was obtained "by denial on the determination of the disputed factual issues" and by the prosecution's failure to disclose evidence favorable to the defense, and that he was denied his right to appeal when counsel dismissed the appeal without his approval, a fact of which Defendant alleges he was unaware until much later (doc. 84 at 5–6).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Although Defendant alluded to his lack of knowledge about counsel's dismissal of his appeal on the § 2255 form (doc. 84 at 5), this is not the benchmark from which he calculates the timeliness of his filing.  In the memorandum attached to his § 2255 motion he acknowledges the one-year limitation set forth by § 2255, and states that he is filing his motion within one year from the date the Supreme Court decided the cases which initially recognized the right being asserted.  The cases he relies on are Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399 (2012) and Ladler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376 (2012).

Neither Frye nor Cooper created new rules of constitutional law or recognized a new right. *See* In re Perez, 682 F. 3d 930, 932–33 (11th Cir. 2012) (denying request for authorization to file a second or second motion for post-conviction relief); *see also* Hare v. United States, ___ F.3d ___, 2012 WL 3156329 (7th Cir. 2012) (same).  Instead, they merely applied the Sixth Amendment right

---

1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 3:09cr89/LAC; 3:12cv390/LAC/EMT

to counsel to a specific factual context. Perez, 682 F. 3d at 934. Therefore, neither case can provide the basis for a determination that Defendant's motion was timely filed.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. Defendant in this case has not attempted to make such a showing, and the record does not support the application of the doctrine. Defendant's appeal was dismissed on February 4, 2011, and the instant motion was not filed until eighteen months later. Although Defendant does not indicate when he allegedly discovered that his appeal had been dismissed, his reference to a Rule 35 motion suggests that the dismissal of the appeal was a calculated decision aimed at increasing the chances that he would benefit from such a motion, a decision of which, contrary to his representation, he would have been aware. In any event, the record does not suggest any "extraordinary circumstances" that warrants equitable tolling; thus, Defendant's motion should be summarily denied as untimely.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how

to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 84) be summarily **DENIED and DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of August 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**